## Tilden *versus* Worrell.

Bail in error are not liable on their recognisance, where the writ of error is *non-prossed*, under the rule of court, on their neglect to justify.

This is not the *non pros* contemplated by the 7th section of the Act of 16th June 1836.

*It seems*, that a court may dispense with its own rules.

ERROR to the District Court of *Philadelphia*.

This was an action of debt, by Howard Tilden against William Worrell, on a recognisance of bail in error.

On the trial, the plaintiff gave in evidence a recognisance taken in this court, on the 19th of April 1856, wherein the defendant and A. S. Handy acknowledged themselves indebted to the plaintiff in $5000, upon condition that James Foster and George H. Beaumont, the plaintiffs in the writ of error, should prosecute their writ of error with effect; "and if judgment be affirmed, or the writ of error be discontinued, or *non-prossed*, that they pay the debt, damages, and costs adjudged or accruing upon such judgment, and all other damages and costs that may be awarded upon such writ of error, or else we will do it for them."

It was also shown, that on the 23d of April 1856, exceptions were filed to the sufficiency of the bail; and that on the 5th May 1856, the bail not having justified, and no other bail having been offered, the prothonotary, on proof of more than ten days' notice, *non-prossed* the writ of error, in accordance with the following rule of this court.

"RULE IV. Sect. 2.—The plaintiffs' attorney may, within 20 days after notice of the taking of the bail in error, except to the sufficiency thereof, when the defendant must either put in new bail, or the old must justify within 10 days after exception taken; in default whereof, the prothonotary of this court shall *non-pros* such writ of error."

There was a verdict for the plaintiff for $1883.56, on the 3d of February 1857, subject to the opinion of the court on the following point reserved, viz.: "whether the plaintiff was entitled to recover in point of law." On the 9th February, no motion having been made for a new trial, under the rules of the District Court, the plaintiff's counsel paid the jury fee, and entered judgment on the verdict.

On the 3d March 1857, the defendants' counsel moved for a

[Tilden v. Worrell.]

rule for a new trial, and for judgment for the defendant on the point reserved; and on the 11th April 1857 the court discharged the rule for a new trial, and entered judgment for the defendant on the reserved point. The plaintiff below then removed the cause to this court, and assigned for error: 1. The judgment of the court below on the reserved point. 2. The entry of such judgment in violation of the rule of the court below, no motion for a new trial having been made within four days from the rendition of the verdict.

*Risler*, for the plaintiff in error.—The Act of 1836 provides, that the bail shall be liable, if the writ be *non-prossed;* and the recognisance itself contains the same stipulation: Commonwealth v. Heilman, 4 *Barr* 455; Taggart v. Cooper, 3 *Binn.* 34. The law is the same in England: Adnam v. Wilke, 6 *B. & C.* 237; Dickinson v. Heseltine, 2 *M. & S.* 210; Bramwell v. Farmer, 1 *Taunt.* 426; *Petersdorff on Bail,* 460; Roe v. Whitehead, *Barnes* 499; 1 *Roll. Rep.* 329; 1 *Crompt. Pr.* 72; *Barnes* 65. And see Sheerer v. Grier, 3 *Wh.* 14; Share v. Hunt, 9 *S. & R.* 404, 407–8; Covenhoven v. Seaman, 1 *Johns. Cas.* 23; *Tidd's Pr.* 1156; Perkins v. Pettit, 2 *Bos. & Pul.* 440; Mitchell v. Thorp, 5 *Wend.* 287; 2 *Ld. Raym.* 1459; Laserre v. Emily, 2 *Str.* 745; Southcote v. Brandwaite, 1 *T. R.* 624; 2 *Tidd's Pr.* 1156.

The judgment was regularly entered for the plaintiff below, and a rule of court cannot be dispensed with for the purposes of a particular case: Rentzheimer v. Buck, 2 *Barr* 88; Alexander v. Alexander, 5 *Barr* 277; Green v. Hallowell, 9 *Barr* 53; Ankrim v. Sturges, 9 *Barr* 275; Thompson v. Hatch, 3 *Pick.* 516; Rathbone v. Rathbone, 4 *Pick.* 89; Ogden v. Robertson, 3 *Green* 124; Dewey v. Humphrey, 5 *Pick.* 187; 2 *Str.* 755; Fogoe v. Gale, 1 *Wils.* 162; Lane's Case, 2 *Co.* 17; Slade's Case, 4 *Co.* 93; Patterson v. Patterson, 3 *Casey* 40.

*Cuyler*, for the defendant in error.—Until the bail had been accepted under the statute and rule of court, their engagement was not absolute. And a review of the cases cited for the plaintiff in error, will show that none of them sustain the position contended for.

The opinion of the court was delivered by

LOWRIE, C. J.—It is true, that the Act of Assembly makes bail in error liable on their recognisance in case the writ of error be *non-prossed;* and it is true, that by a rule of this court, the plaintiff in error in that case was *non-prossed* for having given insufficient bail at the suing out of his writ. But does it follow, that every *non pros* provided for by a rule of this court must necessarily

[Tilden *v.* Worrell.]

create the liability intended by the Act of Assembly? We think not.

Nor do we think that the Act of Assembly applies to such a *non pros* as this. This is not the ordinary *non pros* visited on a party for neglecting to bring on his cause for trial. It is simply a mode adopted by the court for superseding or quashing a writ which a party had obtained on insufficient bail. He might have had it without bail, and it would not have stayed execution. But he wanted the stay, and he gave bail to get it.

When the then defendant in error objected to the sufficiency of the bail, he declared in effect his refusal to accept them as bail; and when the prothonotary, under the rule of court, *non-prossed* the writ, he decided that the bail were not sufficient, and that the defendant was right in refusing to accept them. This is, in substance, a quashing of the recognisance, and the *non-prossing* of the writ follows merely as a means of removing the stay of execution and preventing a removal of the record below. As a penalty for putting in insufficient bail, we *non pros* the writ of error if the defendant asks for it: that is, we refuse to entertain the plaintiff's action here, or to allow the record to be brought up for review. It would perhaps have been more technically accurate, if the rule of court had required the writ to be quashed. The purpose of the *non pros* is to quash the recognisance, because the defendant is unwilling to accept it, and because it is insufficient, and after such a *non pros* the recognisance is void.

We do not think that there is any force in the other objection to the present proceeding; but we do not discuss it, because that portion of the record on which it is founded is not placed on our paper-books.

Judgment affirmed.